NOT DESIGNATED FOR PUBLICATION

No. 115,454

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ASHLEY DAWN IMMEDIATO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; MIKE KEELEY, judge. Opinion filed October 14, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., STANDRIDGE, J., and HEBERT, S.J.

*Per Curiam*: Ashley D. Immediato appeals the district court's decision revoking her probation and ordering her to serve her underlying prison sentence. We granted Immediato's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response.

On October 3, 2013, Immediato pled no contest to one count of possession of methamphetamine with intent to distribute. On November 22, 2013, the district court imposed the standard presumptive sentence of 108 months' imprisonment but granted a dispositional departure to probation with community corrections for 36 months.

1

On June 27, 2014, Immediato stipulated to violating her probation by failing to report to her intensive supervision officer (ISO) as directed and by committing the new offenses of possession of marijuana and possession of drug paraphernalia. The district court imposed a sanction of 180 days with the Department of Corrections but thereafter continued Immediato's probation with community corrections.

On September 25, 2015, Immediato again stipulated to violating her probation by failing to report to her ISO, by continuing to use methamphetamine, and by being convicted of misdemeanor theft and driving while suspended in Great Bend Municipal Court. This time, the district court revoked Immediato's probation and ordered her to serve her underlying prison sentence. Immediato filed a notice of appeal.

On appeal, Immediato contends that the district court "erred in revoking her probation and in imposing the underlying prison sentence." Immediato acknowledges that once a violation of probation is established, the decision to revoke probation rests in the sound discretion of the district court.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

2

Here, the district court imposed a dispositional departure to give Immediato a chance at probation. Even after violating the probation in 2014, the district court gave her another chance. Immediato continued to violate the conditions of her probation by failing to report to her ISO, by continuing to use methamphetamine, and by committing new crimes. The district court's decision to revoke Immediato's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Immediato's probation and ordering her to serve her underlying prison sentence.

Affirmed.